IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

JORGE GEVARA )
 )
    Plaintiff, )
 )
    v. ) 1:09CV343
 )
BOYD BENNETT, F. B. HUBBARD, )
CRUTCHFIELD, WENDY BRANCH, )
PERRITT, JOHN DOE, JOHN DOE, )
R. HAMPTON, L. STAR )
 )
    Defendants. )

## ORDER

The Memorandum Opinion, Order, and Recommendation ("Recommendation") of the United States Magistrate Judge was filed with this court on April 12, 2010, accordance with 28 U.S.C. § 636(b) and served on the parties to this action. (Doc. 35.) Plaintiff filed timely objections to the Recommendation. (Doc. 40.)

This court has appropriately reviewed the portions of the Magistrate Judge's Recommendation to which Plaintiff objected and has made a de novo determination which is in accord with the Magistrate Judge's Recommendation. This court therefore adopts the Recommendation in full. This court will specifically address two of Plaintiff's objections. In lieu of restating the facts and analysis of the Magistrate Judge, this court simply incorporates the Recommendation.

In his objections, Plaintiff does not dispute that the jail had an internal administrative remedy process that was available for use regarding the acts alleged in the Complaint. Instead, Plaintiff contends that he either has exhausted the PLRA "without knowing it" or that his failure to exhaust should be excused. (Objections to Magistrate's Mem. Op., Order, and Recommendation (Doc. 40)(hereinafter "Objections") ¶ 10). Specifically, Plaintiff contends that he speaks Spanish, and because of his limited understanding of English at the time of the acts complained of, his failure to exhaust administrative remedies should be excused. (Objections ¶ 11.)

Plaintiff has raised, in his Objections, new facts and arguments that were not presented in his Complaint or by prior pleadings and, thus, were not addressed in the Recommendation. In addition, Plaintiff now alleges facts that are inconsistent, in part, with his earlier statements as set out in the Complaint. Plaintiff's statements and allegations, which are presented for the first time in his Objections, make it difficult to determine which statements should be considered in determining Plaintiff's allegations as to the facts and whether any subsequent statements may be considered "plausible."[1] Nevertheless, Plaintiff's

---

[1]This court is reviewing, de novo, whether Plaintiff's complaint should be dismissed for the reasons argued by Defendants and set forth by the Magistrate Judge, as a result of Plaintiff's admission in his Complaint that he did not exhaust any applicable administrative remedies. An evaluation of

2

allegations will be addressed within the context of his Objections.

Plaintiff argues, in support of his Objections, that he did not understand English and, therefore, his failure to exhaust administrative remedies should be excused by virtue of the fact that he did not have access to an administrative remedy. (See Objections (Doc. 40) ¶ 11 and cases cited.) Plaintiff's argument is belied by the record. As noted in the Recommendation, Plaintiff's allegations show that he has filed other grievances and is familiar with the administrative remedy process. (See Recommendation (Doc. 35) at 4, 8-11, 13 n. 7.) In this case, Plaintiff has filed his lengthy pleadings in English. Those pleadings show that Plaintiff has a significant ability to read,

---

Plaintiff's admission does not require application of a plausibility standard as the admission is clear and requires no evaluation. However, in liberally construing these pro se pleadings (See Brown v. N.C. Dept. Of Corrections, 360 Fed. Appx. 494, 495 (4th Cir. 2010)), this court has considered whether the statements made by Plaintiff in his objections are sufficiently plausible such that Plaintiff should be permitted to amend his Complaint. Within this context, the question of whether Plaintiff's subsequent allegations are "plausible" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." See Ashcroft v. Iqbal, 129 S.Ct. 1937, 1950 (2009). For the reasons articulated by the Magistrate Judge and those set forth herein, this court finds that Plaintiff's statements contained in his Objections are not plausible and, therefore, are not sufficient to justify or defend Plaintiff's stated failure to exhaust administrative remedies.

3

communicate in, and understand the English language.[2] Furthermore, Plaintiff has not noted any specific impediments as a result of an inability to speak or communicate in English other than a conclusory statement that prison officials "did not provided [sic] assistance . . . ." (Objections (Doc. 40) ¶ 11.) This court finds Plaintiff's contention that he was unable to file a grievance based upon an inability to speak and understand the English language both conclusory and implausible. Plaintiff's Objection is therefore insufficient to require denial of Defendants' motion to dismiss for failure to exhaust administrative remedies.

Plaintiff also alleges, for the first time in his Objections, that he "has exhausted the PLRA without knowing it because Plaintiff never received a decision." (Objections (Doc. 40) ¶ 13.) Plaintiff does not specifically state whether he did

---

[2] "[A] federal court may consider matters of public record such as documents from prior state court proceedings in conjunction with a Rule 12(b)(6) motion." Walker v. Kelly, 589 F.3d 127, 139 (4th Cir. 2009)(citation omitted); See also Phillips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009)("In reviewing a Rule 12(b)(6) dismissal, we may properly take judicial notice of matters of public record.") (citation omitted). In addition to the facts set forth in this case, Plaintiff filed another action in this court arising from acts in the same jail. As shown by those allegations, Plaintiff was clearly aware of the inmate grievance process, and further, Plaintiff did and does understand the English language. (See, 1:09CV283 (Doc. 2) at 6 of 36 (alleging the filing of grievances as to other claims) and at 13 of 36 (alleging that Plaintiff acted as a translator at the jail. Plaintiff specifically states that "Another inmate and I explained to the other Hispanics what Mr. Crutchfield said.").

4

not receive a decision as to a claim or grievance based upon the allegations contained in this Complaint or whether he did not receive a decision based upon a separate, unrelated claim or grievance.  Because Plaintiff alleged, in his complaint, that he did not know he could "appeal disciplinary charges through a grievance," this court finds that Plaintiff is now contending he did not receive a response with respect to a separate claim or grievance.  Plaintiff offers no specific information as to any grievance to which officials did not respond.

This court finds that Plaintiff's allegation is conclusory and legally insufficient to preclude dismissal based upon a failure to exhaust administrative remedies as to the matters contained in the complaint. See Graham v. Cnty. of Gloucester, 668 F.Supp.2d 734, 740 (E.D. Va. 2009) ("we will not read futility or other exceptions into [the PLRA's] statutory exhaustion requirements") (quoting Booth v. Churner, 532 U.S. 731, 741 n.6 (2001)).

**IT IS THEREFORE ORDERED** that the Recommendation be, and is hereby, adopted.  **IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss (Doc. 22) is **GRANTED,** and this action is **DISMISSED WITHOUT PREJUDICE** to Plaintiff re-filing his action, if and when he has exhausted his administrative remedies.  A judgment dismissing this action without prejudice will be entered contemporaneously with this order.

This the 21st day of September 2010.

                                              /s/ William L. Osteen, Jr.
                                              United States District Judge